IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 13, 2000

## JEFFERY E. TOLBERT v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 99-209-III     Ellen H. Lyle, Chancellor**

_____

**No. M1999-02387-COA-R3-CV - Filed July 18, 2001**

_____

The petitioner sought a declaratory judgment regarding the computation of his prison sentence by the Department of Correction.  The Department made a correction, essentially consistent with the petitioner's request, and filed documents demonstrating that all but two of the petitioner's sentences have expired.  We affirm the trial court's dismissal of the claims remaining in the petition because the petitioner has failed to demonstrate his entitlement to additional sentence reduction credits for a sentence imposed in 1983 which has expired or to pretrial jail credits for a sentence imposed in 1983 but to be served consecutively to four other sentences.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Jeffery E. Tolbert, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Stephanie R. Reevers, Senior Counsel, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**[1]

_____

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Jeffrey Tolbert, the petitioner, filed a petition for declaratory judgment asking the trial court to declare that the Department of Correction had miscalculated his sentence, altering his plea agreement and, therefore, had exceeded its authority. Mr. Tolbert attached copies of court documents entered July 21, 1983, regarding his plea agreements and convictions.

According to those documents, Mr. Tolbert was convicted by a jury in case C-2939 (robbery) for which he received a five-year sentence; was convicted by a jury in Case C-3239 (armed robbery), for which he received a ten-year sentence; pled guilty in case C-2997 (armed robbery) for which he received a ten-year sentence; and pled guilty in case C-3230 (armed robbery), for which he received a ten-year sentence. He was also convicted by a jury in case C-3175 of receiving stolen property and agreed to accept a sentence of five years as an aggravated offender. As part of the agreement, the court ordered that the sentences be served as follows:

1.      C-2939 (5 years) and C-3230 (10 years) to be served concurrently (C-3230 to be served concurrently with sentence Mr. Tolbert was already serving in C-2939).

2.      C-3229 (10 years) and C-2997 (10 years) to be served concurrently with each other and consecutively to C-2939 and C-3230 (No. 1 above).

3.      C-3175 (5 years) to be served consecutively to the others (1 and 2 above).

In his original petition, Mr. Tolbert asserted that his 10 year sentence in case C-3230 was to have begun at the same time as his sentence in case C-2939 and to have run concurrently therewith. However, he maintained, that the Department began his sentence in C-2939 on November 3, 1982, expiring on April 27, 1985, and began his sentence in C-3230 in October 7, 1987, well after the sentence it was to be concurrent with expired.

In response to the petition, the Department filed a motion for summary judgment with supporting documentation, including an affidavit from the Department's manager of sentence information services, indicating it had discovered and corrected an error in Mr. Tolbert's sentence calculation. Mr. Tolbert responded and described the correction as follows:

Case C-3230, originally reflected a sentence effective date of 10-7-1987, and an expiration date of 1-6-1994. The new adjustments by T.D.O.C., reflect a sentence effective date of 10-7-1982, and an expiration date of 1-6-1991.

The trial court explained the correction similarly, stating:

The change Ms. Claud had to make was with respect to C-3230 to reflect that it was served concurrently with C-2939. In her affidavit Ms. Claud testified that C-3230 became effective on October 7, 1982 (one month prior to the effective date of C-2939) and expired on January 6, 1991. C-3229 and C-2997 were served

concurrently, both becoming effective on January 6,1991 (the expiration date of C-3230), and both expiring on October 25, 1997.

Therefore, it would appear the Department corrected its records regarding C-3230 in accordance with Mr. Tolbert's request. By the time Mr. Tolbert first asked the Department to re-calculate his sentence and provide him with his records, the sentence in question had expired. The Department provided the following summary of Mr. Tolbert's criminal history:

| Conviction | Sentence | SID* | SED* | EXP* |
|---|---|---|---|---|
| Robbery, #C2939 | 5 | 11/3/82 | 11/3/82 | 4/27/85 |
| Robbery-Armed with Deadly Weapon, #C3230 | 10 | 4/6/83 | 10/7/82 | 1/6/91 |
| Robbery-Armed with Deadly Weapon, #C3229 | 10 | 4/6/83 | 1/6/91 | 10/25/97 |
| Robbery-Armed with Deadly Weapon, #C2997 | 10 | 7/21/83 | 1/6/91 | 10/25/97 |
| Stolen Property Received, #C3175 | 5 | 4/6/83 | 10/25/97 | 1/26/02 |
| Aggravated Assault, #189519 | 3 | 3/17/92 | 6/19/91 | 7/19/93 |
| Arson, #189520 | 3 | 3/17/92 | 6/7/91 | 7/7/93 |
| Aggravated Burglary, #189522 | 3 | 3/17/92 | 6/7/91 | 7/7/93 |
| Aggravated Kidnaping, #203991 | 10 | 7/24/95 | 12/14/94 | 3/21/03 |

**\*SID = Sentence Imposition Date**
**\*SED = Sentence Effective Date**
**\*EXP = Sentence Expiration**

As the trial court found, any error in the Department's records has been corrected to reflect that all but two of Mr. Tolbert's sentences have expired. The remaining active sentences include a five-year sentence for case C-3175 and a ten-year sentence for case no. 203991.

According to the records set out above, Mr. Tolbert's 10-year sentence in case C-3230 was to begin in October of 1982, and it expired January 6, 1991. The two concurrent sentences for cases C-3229 and C-2997 were to run consecutively to the first two and, consequently, began January 6, 1991. Those sentences were to expire October 25, 1997. The sentence for the fifth case, C-3175 was to run consecutively to the first four and, consequently was to begin October 25, 1997. We see no error in these computations and, in fact, they are consistent with Mr. Tolbert's original position.

While serving his sentences for the five crimes which resulted in the convictions and plea arrangements in 1982, Mr. Tolbert was paroled in December of 1989 and committed additional offenses while on parole. He was sentenced to three years on these offenses on March 17, 1992, those sentences running concurrently. Those three offenses are reflected in the chart above with the effective date of those sentences being June, 1991, and the expiration date being July 1993.

As a consequence of his commission of offenses while on parole, the Board of Paroles revoked Mr. Tolbert's parole on March 27, 1992, and ordered that his sentences on his new offenses begin to run on the date they were imposed, March 17, 1992. Mr. Tolbert was paroled a second time on July 12, 1994. This parole was revoked on October 13, 1994, because Mr. Tolbert committed another offense while on parole. On July 24, 1995, Mr. Tolbert was convicted of that offense, aggravated kidnaping, and sentenced to ten years. The Board of Paroles ordered that that sentence begin October 5, 1995, rather than at the expiration of his earlier-imposed sentence.

Thus, at the time of this petition, all of Mr. Tolbert's sentences had expired except the 10 year sentence he received in 1995 and the 5-year sentence in case C-3175 which was imposed in 1983 as the final five years of the aggregate twenty-five years he was sentenced to serve.

Even though Mr. Tolbert began his petition below and his brief in this court with an accurate explanation of the sentences imposed in 1983 pursuant to his agreement, he later argues that his sentence in case C-3175 should have begun on October 7, 1982, calling that "its original effective date." According to Mr. Tolbert's own pleading and the documents he filed, his sentence in C-3175 was to be consecutive to the four other sentences imposed in 1982 and 1983, composing the last five years of what he termed "10+10+5 for a total max of 25 years." The records provided by the Department reflect computation of those sentences in accordance with the plea agreements and judgments.

Mr. Tolbert bases his argument that his five-year sentence in C-3175 has expired on the fact he was paroled in 1989 on all five of his 1982 and 1983 convictions. Mr. Tolbert is mistaken in his interpretation. Expiration of a sentence is not required for parole eligibility. Tenn. Code Ann. § 40-28-115(b).

In his brief, Mr. Tolbert states he asked that his sentence be re-computed to reflect that his sentence for C-3230 run concurrently with C-2939 and be give an effective date of Nov. 23, 1982. He was given this relief by the Department, and the effective date was set earlier than he requested, at October 7, 1982. He also asked to have the sentence for C-3175 run consecutively to C-2939, to

begin after service of C-2939 and C-3230. The Department's records now reflect that the C-3175 sentence began after expiration of the concurrent sentences for C-3229 and C-2997. Thus, the record indicates that Mr. Tolbert was given the relief he requested by the Department.

Mr. Tolbert also asserts that in the Department's re-calculation of his sentence, it failed to give him certain sentence credits. He also asks that 181 days of pretrial jail credit be deducted from his sentence for C-3175. It appears from the record above that Mr. Tolbert was given six months jail credit at the beginning of his aggregate twenty-five year sentence. His 10-year sentence for C-3230 was imposed April 6, 1983, but was given an effective date of October 7, 1982. Because all five sentences were imposed in 1982 and 1983, Mr. Tolbert has already been given credit for the time he spent in jail awaiting trial on all those offenses.

He also asks to have credits earned from C-2939, and active service time between 4-27-85 to 10-7-87 reflect the service of his 10-year sentence in C-3230. The records attached to the Department's motion indicate Mr. Tolbert was awarded various sentence credits which were applied to sentences in both C-2939 and C-3230, with the latter longer sentence reflecting more credits. In addition, after the expiration of the sentences C-2939 and C-3230, he immediately began serving the consecutive sentences for C-3229 and C-2997 and earned credits toward those. Mr. Tolbert does not assert he was entitled to a greater total number of credits. Rather, he appears to complain that credits earned after the expiration of the five-year sentence for C-2939 were not properly applied to the remainder of his concurrent 10-year sentence for C-3230 because the Department incorrectly did not reflect C-3230 as running concurrently.

The records before us indicate Mr. Tolbert earned sentence credits from the time of his incarceration until he was first paroled, as well as after his return to prison. Credits are earned by participation in various work, educational and other programs. Mr. Tolbert has not demonstrated any error by the Department in his sentence credits. He asserts rights to credits which would have been earned in 1983 through 1991 and credit toward a sentence which has expired.

Therefore, we affirm the trial court's dismissal of Mr. Tolbert's petition, and the cause is remanded for such further proceedings, if any, as may be required consistent with this opinion. Costs on appeal are taxed against Mr. Tolbert for which execution may issue if necessary.[2]

_____

PATRICIA J. COTTRELL, JUDGE

---

[2]We affirm the trial court's assessment of costs below to the Department.